### SARAH C. HUNTER, executrix, *vs.* JANE LOWELL.

*When husband cannot testify in his wife's case.*

The husband is not a competent witness for his wife where she is a party and the adverse party is a representative of a deceased person.

ON EXCEPTIONS.

ASSUMPSIT on a promissory note bearing date January 3, 1866, made payable to the plaintiff's testator. The defence was payment of the note, and to prove such payment the defendant called her husband, James Lowell, who was husband of the defendant at the time the note was given and has been such ever since, but the court ruled he could not testify to any fact which happened in the life time of the plaintiff's testator, and his testimony was therefore excluded.

The verdict was for the plaintiff. The defendant excepted to the foregoing ruling.

. *H. L. Whitcomb* for the defendant.

*S. Clifford Belcher* for the plaintiff.
At common law the husband could not testify. The only change

is by R. S., c. 82, § 82, which does not authorize it in cases like this. *Jones* v. *Simpson*, 59 Maine, 180.

DANFORTH, J. The husband is not a competent witness for the wife where the other party is an executrix as in this case.

The amendment of R. S., c. 82, § 82, by the Public Laws of 1873, c. 137, § 4 leaves the former subject to the provision of R. S., c. 82, § 87, and this case does not come within any of the exceptions therein mentioned.

Therefore the case of *Jones* v. *Simpson*, 59 Maine, 180, is decisive of this. *Exceptions overruled.*

APPLETON, C. J., WALTON, BARROWS, VIRGIN and PETERS, JJ., concurred.